IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMIE FUESE                          :

   v.                               :    Civil Action No. DKC 10-2174

BROAN-NUTONE, LLC                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is Plaintiff's motion to remand. (Paper 5). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Background**

Plaintiff Jamie Fuese originally filed suit against Defendant Broan-Nutone, LLC in the District Court of Maryland for Charles County. Plaintiff alleges that a bathroom fan manufactured by Defendant caused a fire at the home in which Plaintiff lived. (Paper 2 ¶¶ 4-5). Plaintiff's complaint seeks damages of $10,000 plus court costs, premised on theories of strict liability, breach of implied warranty, and negligence. (*Id.* at 3-4).

On August 9, 2010, Defendant removed this case from state court, reasoning that a related action by the homeowner already pending in this court provided supplemental jurisdiction over

this case. (Paper 1, at 2 (citing *Sloan v. Broan-NuTone LLC*, Case No. 8:09-cv-03040-DKC (removed Nov. 16, 2009))). Defendant apparently intends to seek to consolidate the present case with *Sloan*. (Paper 6 ¶ 6). After removal, Plaintiff filed an "opposition" to Defendant's removal and requested remand. (Paper 5).

**II. Analysis**

Because removal jurisdiction raises "significant federalism concerns," the removal statutes, and resulting subject matter jurisdiction, must be strictly construed. *Dixon v. Coburg Dairy*, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey v. Columbia Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). "[T]he party seeking removal bears the burden of proving that the requirements for federal jurisdiction have been met." *In re Microsoft Corp. Antitrust Litig.*, 332 F.Supp.2d 890, 892 (D.Md. 2004) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998)). Where federal jurisdiction is doubtful, the case must be remanded. *Id.* (citing *Mulcahey*, 29 F.3d at 151).

A defendant may remove a state action that could have been filed in federal court pursuant to 28 U.S.C. § 1441. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey*, 29 F.3d at 151. Under 28 U.S.C. § 1441(a), however,

2

only a "civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants to the district court." (emphasis added).

This court cannot exercise original jurisdiction over this case. There is no hint of a federal question. And while the parties are diverse, the amount in controversy does not meet the statutory threshold necessary for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (requiring an amount in controversy of more than $75,000). Recognizing that the court lacks federal question or diversity jurisdiction, Defendant recites that this is an action over which the court would have supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Obviously, by definition, then, this is not an action over which this court would have original jurisdiction. Indeed, the United States Court of Appeals for the Fifth Circuit recently rejected a similar attempt to remove an action from state court, where the action was arguably based on the same catastrophic event (a flood and fire) as a pending federal claim. *See generally Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290 (5th Cir. 2010). That court explained:

> Where, as here, the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under

3

> § 1441 does not exist. Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has "original jurisdiction" over the "civil action." . . . [Section] 1367, by its own terms, cannot fill the void. Section 1367 grants "supplemental jurisdiction" over state claims, not original jurisdiction.

*Id.* at 294 (footnotes omitted); *accord Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 705-06 (8th Cir. 2003) ("Section 1367(a) does not mention removal at all. . . . While this statute does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (citations omitted).

Here, Defendant stretches to concoct a rationale for removal jurisdiction past the breaking point. Defendant cites,

for example, *Sayre v. Potts*, 32 F.Supp.2d 881 (S.D.W.Va. 1999), as a case that it asserts is "directly on point." (Paper 9, at 4). In *Sayre*, a husband and wife asserted claims against defendants that related to a single automobile accident. The wife asserted claims against the defendants that exceeded the jurisdictional limit, while the husband's claims did not clear the limit. *Id.* at 888-89. The court correctly exercised supplemental jurisdiction over the husband's claim. *Id.* at 889-90. This case is inapposite to the present one, however, as Defendant overlooks one critical distinction: the two claims in *Sayre* were filed together, in a single complaint, in state court. *Id.* at 883. Because the matter was filed as a single action it was removable as a single action. Likewise, if Plaintiff's claim had been brought or consolidated with the Sloan action in state court prior to removal to this court, it might have been removable along with the larger Sloan claim. But, it was not consolidated in state court and cannot be independently removed so that it can be consolidated here. *See, e.g.*, *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."). Accordingly, the case was improperly removed by Defendant.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
